Lynn Judell (LJ-1210)
**ANDREWS KURTH LLP**
450 Lexington Avenue, 15th Floor
New York, New York 10017
Tel: (212) 850-2800
Fax: (212) 850-2929

and

Gary C. Miller (SBOT 14071900)
600 Travis Street, Suite 4200
Houston, Texas 77002
Tel: (713) 220-4200
Fax: (713) 220-4285

**Attorneys for Plaintiff Wells Fargo Bank, N.A.,
As Servicer**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **WELLS FARGO BANK, NATIONAL ASSOCIATION**, as Pool A Special Servicer for LaSalle Bank, National Association, as Indenture Trustee for the Holders of MSDWMC Owner Trust 2000-F1 Notes, Participating Interests and Owner Trust Certificates, and as MSMC Loan Special Servicer for LaSalle Bank, National Association, as Indenture Trustee for the Holders of MSDWMC Owner Trust 2003-F1 Notes, Participating Interests and Owner Trust Certificates, | |
| *Plaintiff,* | |
| v. | |
| **GRAND STAR, LLC AND GRAND STAR REALTY, LLC,** | |
| *Defendants.* | |

**06 CV 3411**

**Judge Casey**



2:06mc3321

Case No.

Complaint

NYC 149693.2

## PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR APPOINTMENT OF RECEIVER

Plaintiff, WELLS FARGO BANK, NATIONAL ASSOCIATION, as Pool A Special Servicer for LaSalle Bank, National Association, as Indenture Trustee for the Holders of MSDWMC Owner Trust 2000-F1 Notes, Participating Interests and Owner Trust Certificates, and as MSMC Loan Special Servicer for LaSalle Bank, National Association, as Indenture Trustee for the Holders of MSDWMC Owner Trust 2003-F1 Notes, Participating Interests and Owner Trust Certificates files this Original Complaint against Grand Star LLC and Grand Star Realty, LLC, and respectfully alleges as follows:

## PARTIES

1. Plaintiff WELLS FARGO BANK, NATIONAL ASSOCIATION ("Wells Fargo") is a national banking association with its principal place of business at San Francisco, California. Wells Fargo brings this action in its capacity as Pool A Special Servicer for LaSalle Bank, National Association, as Indenture Trustee for the Holders of MSDWMC Owner Trust 2000-F1 Notes, Participating Interests and Owner Trust Certificates (the "MSDWMC 2000 Trust"), a Delaware business trust, and as MSMC Loan Special Servicer for LaSalle Bank, National Association, as Indenture Trustee for the Holders of MSDWMC Owner Trust 2003-F1 Notes, Participating Interests and Owner Trust Certificates (the "MSDWMC 2003 Trust"). La Salle Bank, National Association, the Indenture Trustee, is a citizen of the State of Illinois where its main office is located.

2. Defendants Grand Star, LLC and Grand Star Realty, LLC (together, "Defendants"), are each Georgia limited liability companies, and each has its principal place of

2

business in Atlanta, Georgia. Upon information and belief, none of the members of the LLCs is a citizen of the State of California or Illinois.

## JURISDICTION

3. The Court has personal jurisdiction over the Defendants because the Defendants have contractually submitted to venue and jurisdiction in the courts of New York and have agreed to be governed by the substantive law and jurisdiction of the State of New York by express provision under the loan documents described herein.

4. The Court has subject matter jurisdiction over this controversy under 28 U.S.C. § 1332 because the Plaintiff is of completely diverse citizenship from the Defendants, and the amount in controversy exceeds $75,000, excluding interest and costs.

5. Venue is proper in the Southern District of New York because the Defendants have consented to the venue and jurisdiction of the Southern District of New York.

## SUMMARY OF FACTS

6. On or about July 24, 2000, Defendants borrowed a total of $34 million (the "Loan") from American Commercial Capital LLC ("ACC"). The Loan was divided into five separate "Pods", each containing a separate pool of collateral consisting generally of specific groups of restaurants (each operated as a Hardee's franchise restaurant) and associated assets. The loans for and associated collateral for the original Pod 2 were subsequently assigned to, and continue to be held by, an entity referred to as the MSDWMC 2000 Trust and pledged and assigned to LaSalle Bank, National Association, the Indenture Trustee, as security for the Notes, Participating Interests and Owner Trust Certificates issued by the MSDWMC 2000 Trust. The loans and associated collateral for original Pods 1, 3, 4, and 5 were subsequently assigned to, and continue to be held by, an entity referred to as the MSDWMC 2003 Trust, and pledged and

3

assigned to LaSalle Bank, National Association, the Indenture Trustee, as security for the Notes, Participating Interests and Owner Trust Certificates issued by the MSDWMC 2003 Trust. Wells Fargo is the Special Servicer for the Loan and is fully authorized to prosecute this action in its capacity as servicer.

7. The loans in original Pod 2 (the "MSDWMC 2000 Trust Loans") are evidenced by a Secured Promissory Note in the original principal amount of $10,205,000. The total principal balance currently owed on the MSDWMC 2000 Trust Loans is approximately $7.5 million. The MSDWMC 2000 Trust Loans are secured by substantially all assets contained in Pod 2, including without limitation, the restaurants properties, leases, franchise agreements, personalty and equipment associated therewith, described in a certain Security Agreement, dated as of the closing date by and between Defendants and ACC, and subsequently assigned to the MSDWMC 2000 Trust. A schedule of the restaurant locations securing the MSDWMC 2000 Trust Loans is attached hereto as Exhibit A.

8. The MSDWMC 2000 Trust Loans are also secured by liens of certain leasehold and/or fee mortgages, deeds to secure debt and deeds of Trust (collectively, the "Mortgages"), dated as of the closing date and subsequently assigned to the MSDWMC 2000 Trust, encumbering certain real property and improvements and personal property thereon. (All documents and agreements executed in connection with or as security for the MSDWMC 2000 Trust Loans, including the Security Agreement and Mortgages are referred to as the "MSDWMC 2000 Trust Loan Documents.")

9. The loans in Pods 1, 3, 4 (the "MSDWMC 2003 Trust Loans") are evidenced by Secured Promissory Notes in the original principal amounts of $10,020,000,

$6,830,000, and $6,945,000, respectively. Pod 5 had no separate debt, but the collateral and security provided under that Pod provide additional security for the other MSDWMC 2003 Trust Loans. The total current principal balance owed on the MSDWMC 2003 Trust Loans is approximately $17.4 million. The MSDWMC 2003 Trust Loans are secured by substantially all of the assets contained in Pods 1, 3, and 4, including without limitation the restaurant properties, associated leases, franchise agreements, personalty, and equipment associated therewith, and negative pledges of the assets contained in Pod 5, described in certain Security Agreements by and between Defendants and ACC, dated as of the closing date and subsequently assigned to the MSDWMC 2003 Trust. A schedule of the restaurant locations securing the MSDWMC 2003 Trust Loans is attached hereto as Exhibit B.

10. The MSDWMC 2003 Trust Loans are also secured by liens of certain leasehold and/or fee mortgages, deeds to secure debt and deeds of Trust (collectively, the "Mortgages"), dated as of the closing date and subsequently assigned to the MSDWMC 2003 Trust, encumbering certain real property and improvements and personal property thereon. (All documents and agreements executed in connection with or as security for the MSDWMC 2003 Trust Loans, including the Security Agreements and Mortgages are referred to as the "MSDWMC 2003 Trust Loan Documents").

11. In connection with the MSDWMC 2000 Trust Loans and the MSDWMC 2003 Trust Loans, Grand Star, LLC, as franchisee, and its principals entered into certain Hardee's Restaurant Franchise Agreements with Hardee's Foods Systems, Inc. ("HFS"), which were subsequently amended, without Plaintiff's consent, pursuant to which Grand Star, LLC operated certain Hardee's Restaurants (the "Franchise Agreements").

12. Certain of the restaurant properties securing the MSDWMC 2000 Trust Loans and the MSDWMC 2003 Trust Loans are subject to lease agreements between one or more of Defendants, HFS and/or Flagstar Enterprises, Inc., a wholly owned subsidiary of HFS (collectively, the "Leases"), which Leases were amended without Plaintiff's consent.

13. On or about February 14, 2006, HFS declared Grand Star, LLC in default under the Franchise Agreements and under the Leases.

14. As a result of its default under the Franchise Agreements and the Leases which serve as collateral for the MSDWMC 2000 Trust Loans and the MSDWMC 2003 Trust Loans, Defendants are now in default under the terms of the MSDWMC 2000 Trust Loan Documents and the MSDWMC 2003 Trust Loan Documents. Accordingly, on or about May 1, 2006, Wells Fargo, as Servicer, accelerated the MSDWMC 2000 Trust Loans and MSDWMC 2003 Trust Loans according to the terms of the MSDWMC 2000 Trust Loan Documents and MSDWMC 2003 Trust Loan Documents, and all amounts owed thereunder are now due and payable in full.

15. Defendants have continued to operate the restaurant properties, but the defaults under the Leases and the Franchise Agreements place the collateral of Wells Fargo in great jeopardy and subject Wells Fargo to imminent risk of irreparable harm. Accordingly, immediate equitable relief is necessary to protect the legitimate interests of Wells Fargo.

## CAUSES OF ACTION

### Count One – Action on Notes

16. The allegations of paragraphs 1 through 15 are incorporated herein by reference.

17. Defendants have failed to pay the amounts due under the Notes, and have breached their obligations under the 2000 Trust Loan Documents and 2003 Trust Loan Documents by, without limitation, failing to maintain their franchised agreements and operating leases in good standing as required by those agreements.

18. Plaintiff is entitled to recover the debt under the Notes, and any additional damages resulting from Defendants' breach of the MSDWMC 2000 Trust Loan Documents and the MSDWMC 2003 Trust Loan Documents.

### Count Two – Foreclosure of Liens and Order of Sale

19. The allegations of paragraphs 1 through 15 are incorporated herein by reference.

20. Under the Mortgages and Security Agreements, Plaintiff is entitled to foreclose on all Property covered by the Mortgages and Security Agreements. In addition, Plaintiff is entitled to an order or orders for sale for all the Property, in one or more sales, with the right to credit bid at the sales.

### Count Three – Recovery of Deficiency

21. The allegations of paragraphs 1 through 15 are incorporated herein by reference.

22. After sale and confirmation thereof by the Court, Plaintiff is entitled to a judgment against the Defendants for the deficiency remaining, if any, after applying the net proceeds of the sale or sales to the amount owed to Plaintiff by Defendants.

### Count Four – Appointment of a Receiver and Temporary Restraining Order

23. The allegations of paragraphs 1 through 15 are incorporated herein by reference.

24. Plaintiff requests that a receiver be appointed and given all powers provided by law or customarily granted to federal equity receivers (*See*, 28 U.S.C. section 754) in order to protect the property and the Plaintiff's interest in that property during the pendency of the suit, including without limitation the power to take possession of, manage, and maintain all the Property:

### DAMAGES

25. As a direct and proximate result of Defendants' breach of contract, Plaintiff is entitled to the following damages, without limitation: the unpaid principal balance due to Plaintiff in the approximate sum of $24.9 million, plus accrued and unpaid interest, as specified in the Notes, premiums due in connection with the acceleration of the Loan, and post-judgment as provided by applicable law.

### ATTORNEY FEES

26. As a further result of Defendants' repudiation and breach, Plaintiff has been compelled to engage the services of the attorneys who have appeared of record in this case, and has agreed to pay them a reasonable fee for their services. Under the Notes and Mortgages, Plaintiff is allowed to recover its attorney's fees.

### PRAYER FOR RELIEF

27. Wherefore, Plaintiff demands judgment awarding it:

   a. On the first count for breach of contract, (i) the unpaid principal balance due to Plaintiff in the approximate sum of $7.5 million on the MSDWMC 2000 Trust Loans and $17.4 million on the MSDWMC 2003 Trust Loans,

8

plus accrued and unpaid interest, as specified in the Notes; (ii) premiums due in connection with the acceleration of the MSDWMC 2000 Trust Loans and the MSDWMC 2003 Trust Loans, in an amount to be proven at trial; and (iii) post-judgment interest in the amount of the lesser of (1) the default rate or (2) the highest interest rate allowed under applicable law, from the date of judgment until paid in full;

b. On the second count for Foreclosure and Order of Sale, the establishment and foreclosure of the Security Agreements and Mortgages securing the Defendants' obligation, including Plaintiff's right to credit bid at the sale;

c. On the third count, a judgment against the Defendants for the deficiency remaining, if any, after applying the proceeds of the sale toward the amount owed to Plaintiffs by Defendants;

d. On the fourth count, appointment of a receiver with the powers requested in paragraph 24 and the proposed Order Appointing Receiver to be submitted for the consideration of the Court;

e. Reasonable attorneys fees;

9

  f. Costs of court; and

  g. Such other relief as the Court deems just and equitable.

Dated: New York, New York
    May 3, 2006

          Respectfully submitted,

         ANDREWS KURTH LLP

         By: _____
         Lynn Judell (LJ 1210)
         450 Lexington Ave., 15th Floor
         New York, New York 10017
         Telephone: (212) 850-2800
         Facsimile: (212) 850-2929

         *ATTORNEYS FOR PLAINTIFF WELLS FARGO BANK, N.A., AS SERVICER*

OF COUNSEL:
ANDREWS KURTH LLP
Gary C. Miller
Texas Bar No. 14071900
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Facsimile: (713) 220-4285

10

NYC:149693.2