UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Wells Fargo Bank, National Association, as Pool A Special Servicer for LaSalle Bank, National Association, as Indenture Trustee for the Holders of MSDWMC Owner Trust 2000-F1 Notes, Participating Interests and Owner Trust Certificates, and MSMC Loan Special Servicer for LaSalle Bank, National Association, as Indenture Trustee for MSDWMC Owner Trust 2003-F1 Notes, Participating Interests and Owner Trust Certificates,

                Plaintiff,

v.

Grand Star, LLC and Grand Star Realty, LLC,

                Defendants.

---

Case No. 06 CV 3411 (RCC)

2:06mc3321

## SUPPLEMENTAL ORDER APPOINTING RECEIVER

The Court having considered the Plaintiff's Original Complaint and Application for the Appointment of a Receiver (the "Complaint"), the Expedited Motion for Appointment of a Receiver, ("Motion"), the Declaration of Lynn E. Judell dated May 8, 2006, the Affidavit of Stephen Leon, sworn to on May 5, 2006, and the arguments of counsel made at the hearing on May 12, 2006, and having been advised by counsel for Plaintiff that all parties, including Intervenor Hardee's Food Systems, Inc. approve of the form of this Order, and good cause appearing therefore:

IT IS HEREBY ORDERED that:

1.    This Court has jurisdiction over Defendants Grand Star, LLC, Grand Star Realty, LLC and Intervenor Hardee's Food Systems, Inc. ("HFS"), and the subject matter herein.

1

2. Pursuant to the Court's May 17 Order endorsing the Letter Agreement dated May 17, 2006, between Wells Fargo and HFS ("Letter Agreement"), William J. Hoffman of Trigild, Incorporated was appointed to act as Receiver in this action, to take possession, custody, and control of the Collateral and Collateral Revenue described in the Letter Agreement and the Security Agreement, except for the Leasehold Sites and related property released to HFS pursuant to the Letter Agreement, including the Fee Sites, defined in the Letter Agreement and identified on Exhibit A, attached hereto and incorporated herein by reference ("the Receivership Estate"). ("Property" means the Fee Sites identified on Exhibit A. ). (A copy of the Letter Agreement is annexed hereto as Exhibit B and incorporated herein by reference.)

3. Per the Letter Agreement, HFS granted the Receiver the right to operate the Property as "Hardee's" restaurants" pursuant to a temporary license to be executed on or before May 27, 2006. In the interim, HFS has given the Receiver permission to operate the Property as "Hardee's" restaurants."

4. Before performing his duties, the Receiver shall execute a receiver's oath. Within three days of this appointment, the Receiver shall also post a bond from an insurer in the sum of $50,000, conditioned upon the faithful performance of the Receiver's duties. The Receiver's Bond and the Oath of the Receiver may be filed by facsimile transmission and this Order shall become effective upon the Court's receipt of such facsimile transmission provided, however, that the Receiver replace the facsimiles with originals within seven days of filing.

5. The fees of the Receiver shall be in accordance with the schedule of receivership fees set forth in Exhibit C, attached hereto and incorporated by reference herein.

6. The Receiver shall take immediate and exclusive possession, custody and control of the Receivership Estate and the Property including, without limitation, the business operated

2

by Defendants on the Property (whether such premises be managed by the named Defendants or their agents) and all monies therefrom, all equipment, fixtures, furnishings, records and inventory, all assets, royalties, rents, receivables, accounts, deposits, equities, and profits.

7. Subject to the Letter Agreement, the Receiver shall care for, preserve and maintain the Property make such repairs as are needed to keep the same in good condition, incur any expenses necessary for the care, preservation and maintenance of the Property and shall pay the costs of such repairs from funds of the receivership to the extent there are funds available.

8. The Receiver is hereby given the powers and authority provided by law or customarily held by federal equity receivers and reasonably necessary to accomplish the purpose of this receivership including, without limitation, the specific power to:

   A. Subject to the Letter Agreement, perform all services and take all actions necessary or advisable to carry on, operate, manage, care for, maintain, repair, insure, protect and preserve (collectively "Manage") the Property and the Receivership Estate, and perform any and all other duties typically performed by a chief executive officer, without further order of the Court.

   B. Maintain, protect, collect, sell, liquidate, or otherwise dispose of Property; including in connection with a sale of associated real property, provided, however, that solely with respect to any real Property or tangible personal Property having a value in excess of $50,000, the Receiver shall not sell or otherwise dispose of such Property without prior court approval for such sale or other disposition, and further provided that any sale or disposition of the Property shall be in accordance with the Letter Agreement;

   C. Take possession of all bank and other deposit accounts of the Defendants that are derived in whole or part from the Property and the Receivership Estate; open, transfer

3

and change all bank and trade accounts relating to the Property and Receivership Estate, so that all such accounts are in the name of the Receiver; and make disbursements in payment of expenses incurred by the Receiver in accordance with this Order;

D. Employ, supervise, discharge and pay all servants, employees, contractors, managers, accountants, attorneys, and other professionals the Receiver deems necessary or advisable to properly Manage the Property;

E. Borrow from Plaintiff, other creditors of the Defendants, or third parties on an unsecured basis and issue one or more Receiver's Certificates for such indebtedness, and on such other reasonable terms as may be acceptable to the Receiver, funds to meet the capital needs of the Receivership Estate in excess of the income from the Receivership Estate;

F. Procure all local, state and federal or other governmental licenses, permits, and pay inspection, or other governmental fees the Receiver deems necessary or advisable to Manage the Property;

G. Pay taxes of any sort to the extent such payment may benefit the Assets and Operations, including real property taxes and federal income taxes;

H. Purchase and contract for all materials, service supplies and equipment necessary or advisable to Manage the Property.

9. All fees and expenses incurred by the Receiver which pertain solely to the Receiver's general office administration and/or overhead, including, but not limited to office supplies, employee wages, taxes, benefits and other charges shall not be paid from the Receivership Estate unless incurred directly and solely for the benefit of the Receivership Estate.

10. Within thirty (30) days after qualification hereunder, the Receiver shall file an inventory of all of the Property of which he has taken possession pursuant to this Order.

4

11. The Receiver shall prepare and serve on all parties monthly interim reports of the condition of the Receivership Estate on or before the twentieth day of each month, for each previous month, unless the Receiver is satisfied that less frequent reporting is necessary or appropriate. At that time and upon prior notice in a Receiver's Report, the Receiver may report bi-monthly or quarterly, but no less often than quarterly. These interim reports shall reflect the Receiver's fees and administrative expenses, including fees and costs of accountants and attorneys authorized by the Court, incurred for each reporting period in the operation and administration of the Receivership Estate. The Receiver shall not be required to, but as reasonably necessary may, follow generally accepted accounting principles, or use auditors or accountants in the preparation of his reports to the Court. Upon service of each statement, the Receiver may disburse from estate funds, if any, the amount of each statement. Notwithstanding periodic payment of fees and expenses, all fees and expenses shall be submitted to the Court for its approval and confirmation, in the form of either a properly noticed interim request for fees, a stipulation of all parties, or in the Receiver's Final Account and Report.

12. Subject to further order of this Court, and the Letter Agreement, the Receiver shall operate and manage the Property and Receivership Estate. The Receiver may employ such agents, independent contractors, and employees as may be needed to assist Receiver in managing the receivership Property, including, but not limited to, Trigild International, Inc., a company in which the Receiver is an officer and a director, provided the amount of compensation paid to such agents or employees must be comparable to that charged by similar companies for similar services, and Receiver shall pay for them at the ordinary and usual rates out of the funds which shall come into the Receiver's possession and shall do all things and incur the risks and obligations ordinarily incurred by owners, managers and operators of similar businesses and

Received   May-19-06   16:41        From-212 805 7939        To-ANDREWS KURTH LLP        Page 06

enterprises. No such risk or obligation so incurred shall be the personal risk or obligation of this Receiver, but shall be the risk and obligation of the Receivership Estate. All who are acting, or have acted, on behalf of the Receiver at the request of the Receiver are protected and privileged with the same protections of this Court as the Receiver has. In order to avail the agents of the Receiver with these protections and privileges, the Receiver should file a notice of the agency with this Court.

13. Receiver may request assistance of law enforcement officials when taking possession, or at any other time during the term of the Receivership, if in the opinion of Receiver, such assistance is necessary to preserve the peace and protect the Receivership assets.

14. The Receiver shall take possession from all depositories, banks, brokerages and otherwise, any money on deposit in such institutions belonging to or arising from the operation of the Property or the Receivership Estate, whether such funds be in accounts titled in the name of the Defendants or not, and Receiver may indemnify the institution upon whom such demand is made, and is empowered to open or close any such accounts. Receiver shall deposit monies and funds collected and received in connection with the Receivership Estate at federally-insured banking institutions or savings associations that are not parties to this case. Monies coming into the possession of the Receiver and not expended for any purposes herein authorized shall be held by the Receiver pending further orders of this Court.

15. Any utility company providing services to the Property, including gas, electricity, water, sewer, trash collection, telephone, communications or similar services, shall be prohibited from discontinuing service to the Property based upon unpaid bills incurred by Defendants. Further, such utilities shall transfer the balance of any deposits held by the utility after payment of sums due from Grand Star to the exclusive control of such Receiver and be prohibited from

demanding that the Receiver deposit additional funds in advance to maintain or secure such services. The Receiver shall hand-deliver, or fax, a copy of this Order to all affected utilities within 2 business days after the Receiver files his bond.

16. Receiver may issue demands in the name of the Receivership upon the United States Postal Service to gain exclusive possession and control of such postal boxes as may have been used by Defendants for the receipt of rent and other mail, and may direct that mail related to the Property and its business be re-directed to Receiver.

17. The Receiver shall determine upon taking possession of the Property whether in the Receiver's judgment, there is sufficient insurance coverage. With respect to any insurance coverage in existence or obtained, the Receiver and the property management company, if one exists, shall be named as an additional insured on the policies for the period that the Receiver shall be in possession of the Property. If sufficient insurance coverage does not exist, the Receiver shall immediately notify the parties to this lawsuit and shall have thirty (30) calendar days to procure sufficient all-risk and liability insurance on the Property (excluding earthquake, flood, or hurricane insurance) provided, however, that if the Receiver does not have sufficient funds to do so, the Receiver shall seek instructions from the Court with regard to whether insurance shall be obtained and how it is to be paid for. If consistent with existing law, the Receiver shall not be responsible for claims arising from the lack of procurement or inability to obtain insurance.

18. Receiver may hire independent legal counsel if needed by the Receiver, and pay such persons for their services at such rates as the Receiver deems appropriate for the services provided.

19. The Receiver shall not directly or indirectly agree to, or enter into contract, arrangement, or understanding with any party, or agent, or assignee thereof, concerning the following:

   a. The Receiver's role with respect to the Property following a trustee's sale or termination of the case, without specific court permission;

   b. How the Receiver will administer the receivership, or how much the Receiver will charge for services, or pay for services to appropriate and/or approved third parties hired to provide services;

   c. The making of expenditures for any capital improvements to the property. Provided, however, that the Receiver may perform all necessary maintenance and repairs to the Property.

20. The Plaintiff is directed to promptly notify the Receiver of the names, addresses, and telephone numbers of all parties and their counsel who appear in the action, so that the Receiver may give notice to all parties of any matters affecting the receivership.

21. Plaintiff will notify the Receiver within 48 hours of any event, of which the Plaintiff has knowledge, that terminates the receivership. Upon receipt by the Receiver of a Trustee's Deed Upon Foreclosure, or notice from Plaintiff that Defendants have cured the defaults existing under Plaintiff's loan documents, or that Plaintiff has accepted a deed in lieu of foreclosure, the Receiver shall turn over possession, custody and control of the Property to either Plaintiff, Defendants, or to the successful purchaser (whichever is appropriate) without further order of this Court. The Receiver shall then be divested of possession, custody and control of the Property and, if consistent with existing law, the Receiver shall have no further liability as to the

Property. Discharge of the Receiver shall require a court order after a properly noticed motion approving the Receiver's Final Report and Account and any exoneration of the Receiver's bond.

22. Instructions in the Event of a Bankruptcy Filing:

    A. Defendants' Duty to Give Notice of Bankruptcy:

In the event that a bankruptcy case is filed by or against either Defendant during the pendency of this Receivership, Defendants must give notice of same to this Court, to all parties, and to the Receiver, within 24 hours of such bankruptcy filing.

    B. Receiver's Duties if Bankruptcy is Filed:

Upon receipt of notice of entry of an order for relief in any bankruptcy case that has been filed which includes as part of the bankruptcy estate any of the Property or the Receivership Estate, the Receiver shall do the following:

    1) Immediately Turn Over the Property if No Relief From Stay and Turnover will be Sought:

The Receiver shall immediately contact the party who obtained the appointment of the Receiver, and determine whether that party intends to move in the Bankruptcy Court for an order for both: (a) relief from the automatic stay, and (b) relief from the Receiver's obligation to turn over the Property (11 U.S.C. section 543).

If the party indicates no intention to make such a motion, then the Receiver shall immediately turn over the Property of the appropriate entity (either the trustee in bankruptcy, if one has been appointed or, if not, then to the debtor in possession), and otherwise comply with 11 U.S.C. section 543.

    2) Receiver to Remain in Possession and Preserve the Property, Pending Resolution of Motion For Relief From Stay and Turnover:

If the party who obtained the Receivership expresses an intention to seek relief from both the automatic stay and the Receiver's obligation to turn over the Property, then the Receiver is

9

authorized to remain in possession and preserve the Property pending the outcome of those motions (11 U.S.C. section 543 (a)). The Receiver's authority in this instance to preserve the Property is limited as follows: The Receiver may continue to collect rents, issues, and profits. The Receiver may continue to take such actions as may be necessary to comply with otherwise applicable law, including without limitation any law or regulation relating to public safety and welfare. The Receiver may make disbursements, but only those, which are necessary to preserve and protect the Property. The Receiver shall not execute any new leases or other long-term contracts. The Receiver shall do nothing that would effect a material change in circumstances of the Property.

        3)    Receiver is to Turn Over Property if No Motion for Relief From Stay and Turnover is Filed in the Bankruptcy Court Within 10 Court Days After Notice of the Bankruptcy Filing:

Notwithstanding the above, if the party who obtained the receivership fails to file a motion or other appropriate pleading or request for relief within 10 court days after its receipt of notice of the entry of an order for relief in a bankruptcy case relating to the Property, then the Receiver shall immediately turn over the Property to the appropriate entity (either the trustee in bankruptcy if one has been appointed or, if not, to the debtor in possession) and otherwise comply with 11 U.S.C. Section 543.

        23.    As soon as is practicable after the receivership terminates, the Receiver shall file, serve, and set for hearing in this Court his Final Report and Accounting. Notice must be given to all persons of whom the Receiver is aware who have potential claims against the Receivership Estate. The motion to approve the final report and accounting, and for discharge of the Receiver, shall contain a summary of the receivership accounting including an enumeration, by major categories, of total revenues and total expenditures, the net amount of any surplus or deficit with supporting facts, a declaration under penalty of perjury of the basis for the termination of the

receivership, and evidence to support an order for the distribution of any surplus, or payment of any deficit, in the receivership estate. In addition, and notwithstanding the foregoing, the Receiver may seek Court approval, from time to time before the Final Report and Accounting, for interim distribution of proceeds of the Receivership Estate, if in the judgment of the Receiver such interim distribution is appropriate under the facts and circumstances existing at the time of such request.

24. The Receiver and the parties to this case may at any time apply to this Court for further or other instructions or orders and for further powers necessary to enable the Receiver to perform the Receiver's duties properly. The Court may grant any relief requested by the Receiver for which Court approval is required, without any further notice or hearing, unless an objection to the requested relief is filed with the Court and served on the Receiver, his counsel, if any, and counsel for the Plaintiff within twenty days after filing and service of the Receiver's request.

25. In the event of an objection to any Receiver's proposed action requiring Court approval hereunder, then the Court shall promptly hold a hearing (if a hearing is necessary) on such objection.

26. The Receiver may be replaced only by order of this Court.

IT IS FURTHER ORDERED that Defendants, and their respective agents, partners, property managers, employees, assignees, successors, representatives, and all persons acting under, in concert with, or for them, shall do the following:

A. Turnover of Property:

Relinquish and turn over possession of the Property to the Receiver upon his appointment becoming effective;

Received May-19-06 16:41        From-212 805 7938        To-ANDREWS KURTH LLP        Page 12

B. Turnover of Keys, Books, and Records:

Turn over to the Receiver and direct all managers and other third parties in possession thereof to turn over all keys, leases, books, records, books of account, banking records, statements and cancelled checks, and provide Receiver with all passwords needed to access all records and files maintained on any computer located on the receivership Property, or any other computers on which such information is stored, together with passwords needed to access Defendants' e-mail accounts, and all other business records relating to the Property, wherever located, and in whatever mode maintained.

C. Turnover of Licenses, Permits, and Taxpayer ID Number:

Turn over to the Receiver all documents which pertain to all licenses, permits, or government approvals relating to the Property and shall immediately advise the Receiver of Federal and State taxpayer identification numbers used in connection with the operation of the Property.

D. Notification of Insurance:

Immediately advise the Receiver as to the nature and extent of insurance coverage on the Property. Defendants shall immediately name the Receiver as an additional insured on the insurance policy(ies) for the period that the Receiver shall be in possession of the Property. Defendants are prohibited from canceling, reducing, or modifying any and all insurance coverage currently in existence with respect to the Property; and

E. Turnover of Monies and Security Deposits:

Defendant, and their respective agents, employees, partners, and all other persons in concert with them, shall immediately turn over to the Receiver any monies that are received, or

12

have been received by Defendants that relate in whole or part to the Property or the Receivership Estate.

IT IS FURTHER ORDERED that pending further Order of this Court, the Defendants, and each of them, and their agents, partners, Property managers and employees, and all other persons acting in concert with them who have actual or constructive knowledge of this Order, and their agents and employees, shall not:

    A.    Commit Waste:

Defendants shall not commit or permit any waste on the Property or any part thereof, or suffer or commit or permit any act on the Property or any part thereof in violation of law, or remove, transfer, encumber or otherwise dispose of any of the Property or the fixtures presently on the Property or any part thereof;

    B.    Collect Revenue:

Defendants shall not demand, collect, receive, discount, or in any other way divert or use any of the revenues or profits from the Property or the Receivership Estate.

    C.    Interfere with Receiver:

Defendants shall not directly or indirectly interfere in any manner with the discharge of the Receiver's duties under this Order or the Receiver's possession of and operation or management of the Property;

    D.    Transfer or Encumber the Property:

Defendants shall not expend, disburse, transfer, assign, sell, convey, devise, pledge, mortgage, create a security interest in, encumber, conceal or in any manner whatsoever deal in or dispose of the whole or any part of the Property, without prior Court Order; and

    E.    Impair Preservation of Property or Plaintiff's Interest:

Received   May-19-06   16:41        From-212 805 7939         To-ANDREWS KURTH LLP        Page 14

Defendants shall not do any act which will, or which will tend to impair, defeat, divert, prevent or prejudice the preservation of the Property, including the rents, or the preservation of Plaintiff's interest in the Property and the rents.

IT IS FURTHER ORDERED that, except by leave of this Court, all lessors, lessees, customers, principals, investors, suppliers, and or creditors seeking to enforce any claim, right, or interest against Defendants, be barred by this Order from using any "self-help" or doing anything whatsoever to interfere in any way with the Receiver in the conduct of the Receivership Estate, provided however that no person shall be required to do business with the Receiver;

IT IS FURTHER ORDERED that the Receiver is authorized to enter into a temporary license agreement with HFS as provided in the Letter Agreement.

SIGNED AND ENTERED this 19 day of May, 2006.

_____
UNITED STATES DISTRICT JUDGE

14